[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12956
Non-Argument Calendar

_____

D.C. Docket No. 6:18-cv-00193-GAP-KRS

RENEE BELL,

Plaintiff-Appellant,

versus

FLORIDA HIGHWAY PATROL,
LARRY COSTANZO,

Defendants-Appellees.

_____

No. 18-13227
Non-Argument Calendar

_____

D.C. Docket No.  6:18-cv-00193-GAP-KRS

RENEE BELL,

Plaintiff-Appellant,

versus

FLORIDA HIGHWAY PATROL,
LARRY COSTANZO,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(December 3, 2019)

Before WILSON, NEWSOM and BRANCH, Circuit Judges.

PER CURIAM:

Renee Bell, proceeding *pro se*, appeals the dismissal of a lawsuit she filed in 2018 against her former employer, the Florida Highway Patrol, and her former supervisor, Larry Costanzo.  Bell raises a number of claims in her complaint, including civil rights violations and employment discrimination, based on alleged events that she says occurred between 2005 and 2006.  The district court dismissed Bell's complaint, holding that it was barred by the applicable statutes of limitations, the doctrine of *res judicata* (based on prior, dismissed lawsuits filed in 2005 and 2017 stemming from the same events), and sovereign immunity. Because Bell failed to challenge each of the district court's independent, alternative grounds for its ruling in her brief, we affirm.[1]

_____

[1] Bell also appealed the district court's orders denying her motion for reconsideration and her self-styled motion for "final closure," but she has abandoned any challenge to those rulings by failing to address them in her initial brief.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Although we liberally construe briefs filed by *pro se* litigants, "[i]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted).  A litigant abandons a legal claim or argument when she fails to "plainly and prominently raise it" in her initial brief.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (internal quotation marks and citation omitted).  "We have long held that an appellant abandons a claim when [s]he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Id.* (citations omitted).  Moreover, we have held that a district court's judgment should be affirmed if an appellant fails to challenge each of the court's independent, alternative grounds for its ruling.  *Id.* at 680 ("To obtain reversal of a district court judgment based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against [her] is incorrect.  When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

Here, the district court provided several alternative, independent justifications for its dismissal of Bell's complaint.  Although Bell's brief challenges the district court's dismissal of her case generally, and it adequately raises the sovereign-immunity issue, it does not plainly or prominently raise any

3

arguments that her claims should not be barred by the applicable statutes of limitations or *res judicata*.  She does not argue, for instance, that the district court applied the wrong statutes of limitations or that she qualified for an exception to the doctrine of *res judicata*.  She has therefore abandoned her challenge of the district court's order by failing to address all of its independent grounds for dismissal.  *See Sapuppo*, 739 F.3d at 680.

Because Bell has abandoned her ability to challenge the district court's ruling, we need not proceed to the merits.  The district court did not err in dismissing her complaint.

**AFFIRMED.**